United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN FRANCISCO LADIES' PROTECTION AND RELIEF SOCIETY,<br>Plaintiff,<br>v.<br>RPM BILLING, LLC, et al.,<br>Defendants. | Case No. 25-cv-06090-RFL (LJC)<br>**ORDER RESOLVING SEPTEMBER 1, 2026 JOINT DISCOVERY LETTERS**<br>Re: Dkt. Nos. 43, 44 |

## I. INTRODUCTION AND BACKGROUND

This case involves claims by Plaintiff San Francisco Ladies' Protection and Relief Society (a provider of skilled nursing care also known as Heritage on the Marina) that Defendant RPM Billing, LLC (Plaintiff's billing agent) failed to secure Medicare reimbursements to which Plaintiff was entitled. Plaintiff filed this case on July 18, 2025. On December 10, 2025, Judge Lin set a fact discovery cutoff of September 18, 2026. ECF No. 28. Plaintiff filed a unilateral discovery letter to Judge Lin on August 12, 2026, asserting that it provided a copy to Defendant on August 6, 2026 but Defendant failed to respond. ECF No. 40 at 4. Judge Lin referred discovery matters to the undersigned magistrate judge, and on August 26, 2026, this Court ordered the parties to meet and confer and file a joint discovery letter as to any outstanding disputes by September 1, 2026 in accordance with this Court's Civil Standing Order. ECF No. 42.

The parties filed two such letters on that date, with one addressing written discovery (interrogatories and requests for production), ECF No. 43, and the other addressing document requests included in deposition notices, ECF No. 44. This Order resolves most of the parties' disputes regarding interrogatory responses and provides some guidance as to disputes regarding requests for production. As discussed below, the parties are ORDERED to file a status report no

United States District Court
Northern District of California

later than September 16, 2026 if any disputes remain unresolved. To the extent the Court is unable to resolve certain disputes due to the limited record available, such relief is denied without prejudice to a further joint letter in the unlikely event that the parties are not able reach a resolution, potentially after meeting and conferring at the courthouse if the Court so orders after reviewing their status report.

This Order presumes the parties' familiarity with basic principles of discovery in federal civil litigation, including but not limited to the proportionality requirement of Rule 26(b)(1) of the Federal Rules of Civil Procedure.

## II. INTERROGATORIES

Plaintiff disputes the sufficiency of Defendants' May 15, 2026 responses to Plaintiff's Interrogatory Nos. 5, 6, 7, 8, 9 and 14. The Court addresses those interrogatories in turn.

### A. Interrogatory No. 5

Interrogatory No. 5 reads as follows:

> Describe all CLAIMS that were not timely submitted to Noridian during the time period of October 18, 2019 through July 31, 2023, including the date of service, the claim number, the date of submission to Noridian[1] (if applicable), and the last known status of such claims.

ECF No. 43 at 12.

In addition to several objections, Defendant responded that it was still investigating, that it was "aware that certain claims allegedly required additional review, correction, follow-up, resubmission, and/or communications with respect to Medicare/Noridian processing issues during 2023," but that it "presently lacks sufficient information to identify every claim Plaintiff contends was not 'timely corrected' following denial, or to provide a complete claim-by-claim identification of dates of service, submission dates, denial dates, appeal activity, and final claim statuses." ECF No. 43 at 14–15.

On June 26, 2026, Defendant sent Plaintiff a message (but not a supplemental verified interrogatory response) stating its counsel's "understanding . . . that we do not currently possess

[1] Noridian is a Medicare Administrative Contractor that processes claims for the U.S. Centers for Medicare & Medicaid Services.

information or documents in connection with Interrogatory Nos. 6, 8, and 9, and RFP Nos. 1, 3, 4, 5, and 8," "that my client repeatedly asked for access to your client's Noridian portal, which apparently provided the exclusive mechanism to track claims, but your client never provided such access," and that "[f]or Interrogatory Nos. 5 and 7, we are continuing to conduct due diligence, and I expect additional information next week." ECF No. 43 at 1 n.1. Defendant asserts that this "was a good-faith update furnished during the meet-and-confer process—not a substitute for verified responses, and [Defendant] has never contended otherwise." *Id.* at 4. But more than two months have passed since that message, apparently with no verified supplemental response served. Defendant now asserts that it "will serve verified amended responses to Interrogatory Nos. 5, 6, 7, 8, 9, and 14 within 21 days" of the parties' September 1, 2026 joint letter. *Id.* at 4. That response date would fall four days after the September 18, 2026 fact discovery cutoff, with no reason provided for such delay.

Defendant's arguments in the joint letter echo its initial response and its June 26 message: Defendant does not know what claims Plaintiff considers untimely, and the best source of such information is Plaintiff's Noridian portal to which Defendant lacks access. ECF No. 43 at 4.

Defendant's responses and delay have been inadequate. The interrogatory does not call for information about claims that Plaintiff *contends* were not timely submitted, but instead for information about claims that were *in fact* not timely submitted. Defendant need not "adopt [Plaintiff's] undisclosed contentions." *Cf.* ECF No. 43 at 4 (heading capitalization altered). Perhaps there are more esoteric theories of timeliness at issue in this case, but at least a baseline, untimely claims include claims submitted after a deadline set by Medicare or Noridian, and/or claims that were denied reimbursement for having been submitted too late. If Defendant is aware of any such claims from within the relevant time period, it must describe them to the best of its knowledge. If it is not aware of any such claims, it must state that fact plainly in a verified response.

"[A] responding party is not required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made." *Gorrell v. Sneath*, 292 F.R.D. 629, 632 (E.D. Cal. 2013) (citation and internal quotation marks omitted). Defendant's response

United States District Court
Northern District of California

of course need not include information from a portal to which Defendant lacks access, but must reflect the information reasonably available to Defendant, which has now had several months to investigate this question. Defendant must serve a verified supplemental response to Interrogatory No. 5 as discussed above no later than September 18, 2026.

Defendant suggests that it will respond under Rule 33(d) by directing Plaintiff to reports and records that Defendant has produced. ECF No. 43 at 4. That Rule reads as follows:

> (d) Option to Produce Business Records. If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
>
> (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
>
> (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Fed. R. Civ. P. 33(d).

So long as the conditions of Rule 33(d) are satisfied, that response might be sufficient. The records at issue are not before the Court, and the parties have not addressed the extent to which untimely claims could be identified from those documents. The Court therefore cannot resolve that question on the present record.

**B. Interrogatory No. 6**

Interrogatory No. 6 reads as follows:

> Describe all CLAIMS that were not timely corrected after receiving a denial from Noridian during the time period of October 18, 2019 through July 31, 2023, including the date of service, the claim number, the first date of submission to Noridian, the date of Noridian's denial, the dates of any appeals, and last known status of such claims.

ECF No. 43 at 14.

Defendant's initial response was similar to its response to Interrogatory No. 5 above. *Id.* at 14–15. In the June 26 message, defense counsel indicated that Defendant lacked responsive

information. ECF No. 43 at 1 n.1. Plaintiff contends that "[i]f this is true," Plaintiff is entitled to "an amended response, under oath, to that effect." *Id.* at 2. Defendant asserts that it will do so, but twenty-one days after the date of the parties' letter. *Id.* at 4. As discussed above, that falls after the close of fact discovery. Defendant must serve a supplemental response no later than September 18, 2026.

C. **Interrogatory No. 7**

Interrogatory No. 7 asks Defendant to:

> IDENTIFY all DOCUMENTS that RELATE TO or evidence any untimely submissions of CLAIMS from the time period of October 18, 2019 through July 31, 2023, including but not limited to submission confirmations, copies of submitted claims, and COMMUNICATIONS with NORIDIAN.

ECF No. 43 at 15. The definition of "IDENTIFY" in Plaintiff's interrogatories, as applied to documents, calls for "the name or title of the DOCUMENT or ELECTRONIC RECORD, its author, and date of creation." *Id.* at 10, ¶ 6.

As discussed above in the context of Interrogatory No. 5, Defendant need not guess at or adopt any disputed definition of "untimely."

Defendant asserts without citation to authority that a "propounding party cannot expand a responding party's obligations by definition." ECF No. 43 at 4. The use of definitions in interrogatories is a common (and often useful) practice, and Defendant has not shown that Plaintiff's definition of "identify" is unreasonable or unduly burdensome.

Defendant asserts that it "will identify by Bates number, title, and production date the claims spreadsheets that it has produced, and will state what each report reflects to the extent RPM is able to determine that," but apparently objects to providing "the author and creation date of every document responsive to Interrogatory Nos. 7 and 8." ECF No. 43 at 4–5. Plaintiff's interest in understanding who created relevant documents and when they were created is obvious and legitimate. Defendant has not articulated any undue burden associated with providing that information (to the extent it remains available to Defendant), which could be satisfied either by producing document metadata and referencing it under Rule 33(d), or by a separate interrogatory response.



United States District Court
Northern District of California

United States District Court
Northern District of California

Defendant must respond to Interrogatory No. 7 no later than September 18, 2026.

**D. Interrogatory Nos. 8 and 9**

Interrogatory Nos. 8 and 9 read as follows:

> **SPECIAL INTERROGATORY NO. 8:**
>
> IDENTIFY all DOCUMENTS that RELATE TO or evidence any untimely corrections of CLAIMS that had been previously denied by Noridian, from the time period of October 18, 2019 through July 31, 2023, including but not limited to submission confirmations, copies of submitted claims, and COMMUNICATIONS with NORIDIAN.

ECF No. 43 at 16.

> **SPECIAL INTERROGATORY NO. 9:**
>
> Describe all CLAIMS that were not timely corrected after receiving a denial from Noridian during the time period of October 18, 2019 through July 31, 2023, including the date of service, the claim number, the first date of submission to NORIDIAN, the date of NORIDIAN'S denial, the dates of any appeals, and any resolution.

*Id.* at 18.

Defendant apparently intends to respond that it has no information responsive to these interrogatories, as with Interrogatory No. 6 above. *Id.* at 4. If so, Defendant must do so no later than September 18, 2026. If Defendant's position has changed and it has identified responsive information, it must respond to Interrogatory No. 8 to the same extent as Interrogatory No. 7 (which similarly calls for identification of documents), and must respond to Interrogatory No. 9 to the same extent as Interrogatory No. 5 (which similarly calls for identification of reimbursement claims).

**E. Interrogatory No. 14**

Interrogatory No. 14 reads: "For each response in the concurrently propounded Request for Admissions that is not an unqualified admission, state all facts in support of your response." ECF No. 43 at 20.

Defendant objects to this interrogatory as compound in that it relates to nine requests for admission. *Id.* at 5. Even if Interrogatory No. 14 were treated as nine separate interrogatories—an issue the Court need not decide here—Defendant has not argued or shown that Plaintiff has exceeded the presumptive limit of twenty-five interrogatories. *See* Fed. R. Civ. P. 33(a)(1). Based

on the record available, which includes only fourteen numbered interrogatories, Plaintiff would still have effectively only served twenty-two interrogatories.

Defendant also objects that Interrogatory No. 14 "prematurely demands that [Defendant] marshal the complete evidentiary basis for its defenses while discovery remains open." ECF No. 43 at 5. Whatever might have been said about the timing of this interrogatory when Defendant first responded to it in May, the close of fact discovery is now imminent, and a fulsome response is appropriate.

Notwithstanding those objections, Defendant asserts that it "will supplement its response to state, as to each RFA it denied or qualified, the principal facts and categories of documents supporting that response" within twenty-one days of the parties' September 1, 2026 joint letter. ECF No. 43 at 5. Plaintiff does not address that proposal or suggest that it is insufficient. Defendant has not shown any justification for its proposal to answer this interrogatory several days after Judge Lin's deadline for fact discovery. Defendant must serve its supplemental response no later than September 18, 2026.

To the extent that Defendant intends to identify documents rather than provide a narrative response, it must do so consistent with Rule 33(d), including by "specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Fed. R. Civ. P. 33(d).

## III. REQUESTS FOR PRODUCTION OF DOCUMENTS

The parties also dispute Defendant's production of documents in response to Plaintiff's requests for production under Rule 34 of the Federal Rules of Civil Procedure, ECF No. 43 at 2–3, 5, and in response to requests included in two deposition notices, ECF No. 44. These disputes are not presented in a manner amenable to comprehensive resolution.

In addressing its Rule 34 requests, Plaintiff does not cite any specific request for production except Request No. 14, which purportedly seeks all documents identified in response to interrogatories, and which Plaintiff references only in its discussion of Defendant's interrogatory responses, not in the context of the parties' disputes over requests for production. *See* ECF No. 43 at 2. Plaintiff contends that certain documents must be produced, like "the

complete Heritage [i.e., Plaintiff] folder from [Defendant's] Googe Drive," without connecting such documents to any request that Plaintiff served. *Id.* at 3. The only exhibit referenced in either party's discussion of requests for production is Exhibit 3, which Plaintiff asserts is the "page of definitions to [Plaintiff's] discovery request and [Defendant's] responses," without explanation of why the definitions are relevant to this dispute. *Id.* at 2. That exhibit is in fact a duplicate of Exhibit 1, Defendant's responses to Plaintiff's interrogatories. *See id.* at 7–21, 37–51. The requests for production are not included in the record. Plaintiff also alludes to deposition testimony by certain of Defendant's employees but does not provide deposition transcripts or quotations. *Id.* at 3.

The parties' letter regarding document requests in deposition notices includes somewhat more detail but still falls short. Plaintiff quotes in footnotes a few questions and answers of deposition testimony but does not provide excerpts of those transcripts as exhibits to allow the Court to understand those answers in context. *See* ECF No. 44 at 2 nn.1–4. The snippets Plaintiff quotes do not always support Plaintiff's assertions. For example, as support for the proposition that "the complete Heritage folder from [Defendant's] Google Drive" remains outstanding for production, Plaintiff quotes Melissa Kelly's testimony agreeing that "this most recent time [she] went back to gather emails, [she] didn't go and look in the Google Drive," without addressing whether that folder was searched either before that "most recent time" or after Kelly's deposition, whether the folder would be expected to contain emails, or even whether a "Heritage folder" exists on Defendant's Google Drive. ECF No. 44 at 2 & n.3. And though Plaintiff has attached its document requests at issue to this letter, it alludes to them in batches and without clear explanations of how they encompass the documents at issue. For example, Plaintiff asserts that the "complete Heritage folder" is among "document categories [that] fall squarely within Request Nos. 1, 2, and 5" in Kelly's deposition notice, ECF No. 44 at 2, but has not explained why that entire folder would be responsive to requests for documents "related to outstanding claims from the time period January 1, 2022 to the present" (Request No. 1, *id.* at 22–23), "communications between you and Plaintiff related to claims from [that] time period" (Request No. 2, *id.* at 23), or "a copy of your job description or other document that describes your roles and duties as an

employee" (Request No. 5, *id.* at 25) (capitalization altered throughout).

Certain overarching disputes, however, are presented sufficiently for the Court to provide at least some guidance.

*First*, Plaintiff asserts that Defendant has only agreed to produce documents on a rolling basis without a deadline to complete production. ECF No. 43 at 2. Defendant's arguments suggest that it has produced all documents that it intends to. *See id.* at 5 ("After the depositions, [Defendant] followed up on the specific sources [Plaintiff] identified and produced additional responsive documents it located."); *see also id.* ("[Defendant] confirms, consistent with Rule 34(b)(2)(C), that it is not withholding any responsive, nonprivileged document on the basis of its objections."). For the document requests in deposition notices, the parties dispute whether Defendant was required to complete production before the depositions, which occurred sooner than Rule 34's thirty-day deadline for responses to requests for production. ECF No. 44 at 3, 4; Fed. R. Civ. P. 34(b)(2)(A). At this point, however, that dispute is moot, because more than *sixty* days have elapsed since Plaintiff served its deposition notices on July 9, 2026.[2] And again, there is also no indication that Defendant intends to produce further documents. To the extent Defendant has not finished its production, it must inform Plaintiff of that fact no later than September 12, 2026, and must complete its production no later than September 18, 2026.

*Second*, Plaintiff contends that Defendant must "engage their IT department or an objective third-party to conduct a thorough search of email servers, the company's Google Drive, and physical files to locate all non-privileged responsive documents and communications," rather than relying on employees who were involved in the events at issue to identify responsive documents. ECF No. 43 at 3. Plaintiff cites no authority for this request. In the absence of *evidence*—as opposed to mere assertions and innuendo—that those employees failed to identify responsive documents, or *evidence* of reasons to question their credibility more generally, Plaintiff has not shown sufficient cause for the Court to dictate how Defendant will comply with its obligation to

[2] Going forward in other cases, when counsel confer over dates for depositions, they are encouraged also to address deadlines for production of documents requested in the deposition notices at issue.

United States District Court
Northern District of California

search for responsive documents.

*Third*, Plaintiff asserts that Defendant's responses do not make clear whether Defendant withheld responsive documents based on its objections. ECF No. 43 at 3. In response, Defendant "confirms, consistent with Rule 34(b)(2)(C), that it is not withholding any responsive, nonprivileged document on the basis of its objections." *Id.* at 5. That rule provides that "[a]n *objection* must state whether any responsive materials are being withheld on the basis of that objection," not that a party can make such representations through other means. Fed. R. Civ. P. 34(b)(2)(C) (emphasis added). In an abundance of caution, Defendant is directed to serve amended responses no later than September 18, 2026 stating in its response to each document request where it has made objections whether it is withholding responsive materials based on those objections, unless the parties specifically agree that such amendment is not necessary.

*Fourth*, Plaintiff contends that Defendant should be required to identify which documents correspond to each request for production, ECF No. 43 at 3–4, ECF No. 44 at 3, while Defendant contends that it "produce[d] documents as they are kept in the usual course of business" and thus need not "organize and label them to correspond to the categories in the request," ECF No. 43 at 5 (quoting Fed. R. Civ. P. 34(b)(2)(E)(i)), ECF No. 44 at 4. Defendant argues that it complied with that requirement by producing "a discrete, Bates-numbered production of Heritage account records and communications, collected from the custodians and systems that held them," rather than "an indiscriminate dump." ECF No. 43 at 5. The parties have not presented a clear picture of the manner in which Defendant produced documents or how they were organized, but a "discrete, Bates-numbered production" of documents "collected from [particular] custodians and systems," *see id.*, would seem to resemble the sort of litigation-specific collection that must be identified by specific requests more than it resembles the manner in which Defendant would typically keep those documents.[3] That is particularly true if Defendant produced documents without their original metadata, which the joint letter suggests might be the case but does not make entirely clear. Despite some indicia that Defendant might not have satisfied the "usual course of business"

---

[3] Indeed, Bates numbering is the typical process by which documents *could* be connected to a specific request.

option, the record is not sufficiently clear for the Court to say definitively whether Defendant complied with Rule 34(b)(2)(E)(i).

The Court notes that many of the disputes above regarding requests for production likely could have been avoided if the parties had followed this district's Guidelines for the Discovery of Electronically Stored Information and Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information, and proposed a stipulated order based on this district's Model Stipulated Order Re: Discovery of Electronically Stored Information for Standard Litigation, all of which are available at https://cand.uscourts.gov/rules-forms-fees/northern-district-guidelines/e-discovery-esi-guidelines-model-stipulated-orders. If the parties made use of those resources, that is not apparent from this joint letter.

The parties are ORDERED to meet and confer regarding any further disputes regarding Plaintiff's requests for production (including both the freestanding Rule 34 requests and the deposition notice document requests), and to file a joint status report no later than September 16, 2026. If disputes remain, the parties may be ordered to appear in Courtroom G of the San Francisco Courthouse to meet and confer in person. If the Court issues such an order, it may require attendees to include lead trial counsel for each party, a client representative for Defendant who is familiar with the documents in dispute and the repositories where they might be found, a client representative for Plaintiff who is responsible for directing this litigation, and/or such other individuals as might appear useful to negotiations over whatever disputes remain.

**IT IS SO ORDERED.**

Dated: September 11, 2026

LISA J. CISNEROS
United States Magistrate Judge